# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BEVERLY CALHOUN**   )<br>         )<br>   **Plaintiff,**   )<br>         )<br>**v.**      )<br>         )<br>**SENTRY CREDIT, INC.**  )<br>         )<br>   **Defendant.**   )  | **CIVIL ACTION NUMBER:**<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

This is an action brought by the Plaintiff, Beverly Calhoun, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that at all relevant times the Defendant transacted business here, and the Plaintiff resides here.

## STATEMENT OF THE PARTIES

1. Plaintiff, Beverly Calhoun, is over the age of nineteen (19) years and is a resident of the city of Birmingham in Jefferson County, Alabama. Plaintiff is a "consumer" as defined in the Fair Debt Collection Practices Act ("FDCPA").

2. Defendant Sentry Credit, Inc. (hereinafter "Sentry" or "Defendant") is and at all times pertinent herein was, a foreign corporation or other legal entity organized under the laws of the State of Washington with its principal place of business in Everett, Washington.

3. Sentry is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Sentry uses the mails and telephone in and about its efforts to collect debt.

4. Sentry is a debt collector as that term is defined by the Fair Debt Collection Practices Act at 15 U.S.C. §1692(a)(6).

5. All events herein occurred in Jefferson County, Alabama.

## STATEMENT OF FACTS

### *Background*

6. On or about November 15, 2016, Plaintiff purchased a vehicle that was financed through Nissan Motor Acceptance Corporation.

7. On April 5, 2017, the vehicle was repossessed and was then sold at auction. After crediting Plaintiff's account with the proceeds of the sale of the vehicle and after adding various fees and expenses associated with the repossession, Plaintiff was allegedly indebted to Nissan Motor Acceptance Corporation for a total of $12,502.92. This alleged debt was incurred for personal, family or household purposes.

8. On or about January 15, 2018, Sentry began collection efforts for the alleged debt and called Plaintiff's home.

9. On or about January 16, 2018, Sentry sent a letter to Plaintiff in an effort to collect the alleged debt.

10. Sentry called Plaintiff's home again on January 19, 2018 and left a message requesting that Plaintiff call an employee or agent of Sentry calling herself "Barbara Brown.[1]"

11. On or about January 19, 2018, Plaintiff called the number Barbara Brown left in the message and stated that she was ill and bed-ridden and that she would call Barbara Brown back after she recovered. At the end of the message, Plaintiff provided her telephone number for a

---

[1] Plaintiff, at this time, does not know if this person's actual name is Barbara Brown as the use of "desk aliases" or false names is common in companies such as Defendant that regularly collect debts from consumers.

      return call.

12. On or about January 22, 2018, Barbara Brown called Plaintiff and left another message.

13. Despite having Plaintiff's correct telephone number, Barbara Brown called Plaintiff's 84 year old mother, Ann Calhoun, at approximately 5:30 p.m. on January 30, 2018 and demanded that Plaintiff's elderly mother provide Ms. Brown with Plaintiff's telephone number. Plaintiff's elderly mother, who was ill with the flu at the time of the call, stated that she did not know who it was that was calling and that, as such, she would not give her daughter's telephone number. During the call, Ms. Brown was rude and abusive to Plaintiff's ill and elderly mother. During the call Ms. Brown stated that she was calling on behalf of Sentry and that she was trying to collect a debt from Plaintiff. Due to the abusive nature of the phone call, Plaintiff's elderly mother hung up on Ms. Brown.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The foregoing acts and omissions of Defendant and its employees and agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

16. As a direct and proximate result of the wrongful conduct visited upon Plaintiff by Defendant in its collection efforts, Plaintiff suffered actual damages including, but not limited to, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

17. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

                       /s/ *W. Whitney Seals*
                       W. WHITNEY SEALS,
                       Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Beverly Calhoun
1328 Glenwood Street, N.W.
Birmingham, AL 35215

**PLEASE SERVE THE DEFENDANT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

Sentry Credit, Inc.
c/o Registered Agent
Michael B. Mathis
2809 Grand Ave.
Everett, WA 98201