FILED
2018 Apr-05  AM 09:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| Beverly Calhoun, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | **Case No.: 2:18-cv-222-MHH** |
| | } | |
| Sentry Credit, Inc., | } | |
| | } | |
| **Defendants.** | } | |
| | } | |

## <u>INITIAL ORDER</u>

The Court enters this order to help the parties and the Court "secure the just, speedy, and inexpensive determination" of this action.  Fed. R. Civ. P. 1.  The Court expects that the parties will be adversaries with regard to the substantive issues litigated in this action, but counsel should cooperate in the litigation process in the spirit of Rule 1.

The information contained in the sections that follow address these topics:

I. Initial Screening of the Complaint
II. Requests for Early Injunctive Relief
III. Motions to Dismiss
IV. Initial Disclosures
V. Rule 26(f) Obligations
VI. Protective Orders
VII. Discovery
VIII. Motions to Compel

IX.     Status Conferences at the Close of Discovery
X.     Summary Judgment
XI.     Pretrial Procedures
XII.    Settlement
XIII.   Motions for Extensions of Time
XIV.   Communication with the Court
XV.    Required E-Mail Submissions to Chambers
XVI.   Briefing Format and Requirements
XVII.  Filing Procedures
XVIII. Fee Shifting Cases
XIX.   Oral Argument and Telephone Conferences

Please read this order closely.  **The Court asks the plaintiff to please serve a copy of this order on the defendant(s) when the plaintiff serves the summons and complaint.**[*]

## I.      Initial Screening of the Complaint

The Court has reviewed the complaint, and the Court finds that it may exercise jurisdiction over the subject matter of this action.  The Court also has reviewed the complaint for conflicts and finds no basis for recusal.  If any party disagrees with the Court's initial findings, the party shall file a motion (i.e. a Rule 12(b)(1) motion or a motion to recuse) **within 30 days of receipt of this order or within 30 days of appearance in the action**.

The Court has an ongoing obligation to assess subject matter jurisdiction.  If, at any time, the Court determines that it may not have subject matter jurisdiction

---

[*] This initial order governs all proceedings in this case.  This case is not governed by the Uniform Initial Order for the Northern District of Alabama.

over this action, the Court will give the parties notice and an opportunity to be heard.

## II.    Requests for Early Injunctive Relief

If the plaintiff requests preliminary injunctive relief, the Court asks the plaintiff to please file a notice **within three days** of the entry of this order. The notice shall state with specificity the nature of the preliminary injunctive relief sought and the basis for the requested relief. The Court will set a telephone conference with the parties to determine whether the Court will permit discovery or require briefing before ruling on the request for early injunctive relief.

## III.    Motions to Dismiss

a.    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court often receives motions to dismiss that describe perceived deficiencies in the factual allegations of the complaint. A plaintiff may amend the complaint to address these deficiencies. The Court will "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, if counsel for a defendant believes that factual allegations in a complaint do not meet Rule 8's notice requirement, then counsel for the defendant must confer with counsel for the plaintiff in person or by telephone before filing a motion to dismiss and ask counsel for the plaintiff to cure the perceived deficiencies.

If counsel for the plaintiff agrees to amend the complaint, then the parties shall file a notice advising the Court that they have conferred, and the plaintiff has agreed to file an amended complaint.  The joint notice relieves the defendant(s) of the obligation of responding to the original complaint.  If, after conferring with the plaintiff, the parties are not able to agree, and the defendant files a motion to dismiss, then the defendant shall state on the first page of the motion that the parties conferred before the defendant filed the Rule 12(b)(6) motion.[1]

b.    When a defendant files a motion to dismiss, the Court will enter an order that sets either a briefing schedule or a telephone conference to discuss the motion.

IV.    **Initial Disclosures**

**At least seven days before** the parties conduct a discovery conference pursuant to Federal Rule of Civil Procedure 26(f) (*see* paragraph V below), the parties **shall** exchange the initial disclosures that Federal Rule of Civil Procedure 26(a)(1) requires.   The Court asks the parties to please exchange as much information as possible **before** the discovery conference to facilitate better discussions during the discovery meeting.  The Court recognizes that in some circumstances, a party may not be in a position to provide complete initial

---

[1] The obligation to confer pertains only to Rule 12(b)(6) motions to dismiss based on the sufficiency of the factual allegations in the complaint.  There is no such prerequisite for other motions to dismiss.  This instruction does not apply to parties proceeding *pro se* (i.e., without an attorney).

disclosures prior to the Rule 26(f) conference.   The Court expects that any deficiencies will be remedied in accordance with the parties' duty to supplement initial disclosures under Rule 26(e).

## V.    Rule 26(f) Obligations

a.    **Within 30 days of the appearance of all defendants**, the parties must confer pursuant to Rule 26(f).[2]  If this case involves more than one defendant and if, 90 days from the date on which the plaintiff(s) filed the complaint, the defendants have not all been served and/or appeared, then the parties shall file a joint notice advising the Court of the status of the case.

The parties' discussions during their Rule 26(f) conference shall cover the following topics:

- the nature of the claims and defenses, the complexity of the case, and the possibility of a prompt settlement or resolution of the case through formal mediation or informal settlement negotiations;

- preservation of discoverable information;

- a proposed discovery plan that briefly describes the parties' positions and provides proposed deadlines for the matters addressed in sub-paragraphs (A) through (F) of Fed. R. Civ. P. 26(f)(3); and

- execution of authorization(s) for disclosure of "protected health information" in any case in which the provisions of the Health

---

[2] Federal Rule of Civil Procedure 26(f)(2) provides: "[T]he court may order the parties or attorneys to attend the conference in person."  Fed. R. Civ. P. 26(f)(2).  The Court does not require the parties to meet in person; however, to the extent possible, the Court encourages the parties to conduct their Rule 26(f) conference in person.

Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), and regulations promulgated under the Act, apply.[3]

b.      If the parties are unable to agree upon a date, time, or place for their Rule 26(f) conference, on or before the deadline to conduct the Rule 26(f) conference, the parties shall please email chambers at haikala_chambers@alnd.uscourts.gov, and the Court will set a date, time, and place for the Rule 26(f) conference.

c.      **Within three days of the Rule 26(f) meeting, the parties must file a joint report of their planning meeting.**  The report must include:

- a brief description of the nature of the case;

- a list of the elements for each claim and defense, including citations for the principal cases upon which each party relies;[4]

- a list of related cases or proceedings pending before another judge of this court or before another court or administrative body;

- an indication of the parties' assessment of the complexity of the case;

- a list of proposed deadlines for discovery and dispositive motions;

- proposed limits on the number of discovery requests and a statement of the reasons why the parties believe the proposed limits are

---

[3] If the parties require a HIPAA protective order, they may find a draft order at the Court's website.  The parties should tailor the Court's draft order to the needs of their case and email the case-specific draft protective order to the chambers email address (haikala_chambers@alnd.uscourts.gov) for the Court's consideration.

[4] The Court understands that the claims and defenses may evolve as the parties exchange discovery.  These initial statements will not preclude additional or alternative claims or defenses.

proportional to the needs of the case (*see* Fed. R. Civ. P. 26(b)(1)–(2));

- an analysis of the case's suitability for settlement or ADR;[5] and

- if the parties' request that the Court include in the scheduling order an agreement pursuant to Federal Rule of Evidence 502 regarding claims of privilege or protection, proposed language for inclusion in the scheduling order.

Should the parties disagree about an item, the positions of the parties as to that item should be set forth in separate paragraphs.

d.      Upon receipt of the report, the Court may schedule a Rule 16(b) scheduling conference.  If the Court schedules a conference, then the Court will enter a scheduling order after the conference.  If the Court does not set a Rule 16(b) scheduling conference, then the Court will enter a scheduling order as soon as possible after reviewing the parties' report.

## VI.    Protective Orders

a.      If the parties anticipate the need to exchange information that is confidential or proprietary, and the parties agree on the terms of a protective order governing production of that information, then the parties shall please email the proposed protective order to chambers at haikala_chambers@alnd.uscourts.gov in Word format.

---

[5] If any party believes that a settlement conference with the Court at any stage of the litigation will facilitate settlement, then that party may request a conference.

The Court asks the parties to please include the following language in a proposed protective order:

> Any person who reviews or receives confidential material shall not disclose such information to any other person except as allowed by and in strict conformity with this Order. Attorneys of record shall advise all persons who are given access to confidential information of the terms of this order and shall have all persons who are given access to confidential information other than members of the attorneys' staff sign a copy of this order to acknowledge their familiarity with the terms of the order and its binding force. Individuals who are shown confidential information shall not be allowed to retain copies and shall not use the confidential information for any purpose unrelated to this litigation.

b.     If the parties anticipate the need to exchange documents and information that is confidential or proprietary and the parties do not agree on the terms of a protective order governing production of confidential documents, then the parties shall please email chambers at haikala_chambers@alnd.uscourts.gov and attach each party's proposed protective order. The Court will set a telephone conference to discuss the parties' proposals.

## VII.  Discovery

Pursuant to Rule 26(b)(5), a party must create a privilege log when the party "withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material . . . ." A party shall provide the privilege log to opposing counsel when the party responds to the discovery request that prompted the claim of privilege. For example, if a party

propounds a request for production and a response is due within 30 days, a new or updated privilege log describing any responsive documents that have been withheld from the response also is due within 30 days.

## VIII.  Motions to Compel

Before a party files a motion to compel, counsel for that party must confer in person or by telephone with opposing counsel to discuss disagreements regarding discovery requests.  If the parties are unable to resolve their dispute during their conference, then the parties shall file a joint motion requesting a telephone conference to discuss the discovery dispute.[6]  The joint motion must contain a brief statement regarding the nature of the discovery dispute.  The parties shall please attach to the motion relevant discovery requests and/or responses central to the dispute.  The joint motion must contain a statement certifying that the parties discussed the discovery dispute in person or by telephone and were unable to resolve their disagreements.

---

[6]  If an attorney makes a good faith effort but is unable to contact opposing counsel, then the attorney may unilaterally file a motion requesting a discovery telephone conference.  In such a case, the moving party must describe in the motion the attorney's efforts to contact and coordinate with opposing counsel.

Upon receipt of the joint motion, the Court will set a telephone conference to discuss the discovery dispute and will determine whether additional written submissions are required to resolve the dispute.

## IX.   Status Conference at the Close of Discovery

In the scheduling order that the Court will enter in this case, the Court will set a status conference at the close of discovery.  During this conference, the parties should be prepared to discuss what they learned about their claims and defenses through discovery.  The parties should be prepared to discuss whether there are issues in the case that the parties may narrow voluntarily before the parties prepare and file dispositive motions.  The parties also should be prepared to discuss whether the case is suitable for mediation.

## X.   Summary Judgment

When the Court receives a motion for summary judgment, the Court will set a briefing schedule.  Information concerning the length of briefs and formatting for briefs appears in paragraph XVI below.  The parties' briefs in support of or in opposition to summary judgment motions must contain citations to the evidentiary record by CM/ECF document and page number.  To the extent possible, the Court asks the parties to please electronically file all evidentiary exhibits in support of and in opposition to summary judgment motions before the parties file their summary judgment briefs.  If a party cannot file evidence electronically before

filing its brief, then the party shall, **within three days of filing a brief**, email to chambers (haikala_chambers@alnd.uscourts.gov) a Word version of the brief with CM/ECF record citations.[7]

If a party relies on deposition testimony in summary judgment briefing, then the party must file the complete deposition transcript and all associated deposition exhibits.  Parties must support every factual assertion with a complete record citation by CM/ECF document and page number.  The Court may strike from summary judgment briefs facts that do not contain complete record citations.

## XI.   Pretrial Procedures

The Court will set a case for trial, if necessary, after ruling on summary judgment motions.  If the Court sets a case for trial, then the Court will enter a separate pretrial order that contains deadlines for motions in limine and witness and exhibit lists.

## XII.   Settlement

a.     Regular Civil Cases

If the parties reach a settlement that does not require court approval and that disposes of all claims against all parties, then the parties shall file a notice of settlement.  The Court will enter an order closing the file after the parties file a joint stipulation of dismissal.

---

[7] The Court may alter this procedure for pro se litigants.

b.      Court-Approved Settlements

If the parties must seek court approval to finalize a settlement and close this case and if this case is not a class action, then after the parties complete the negotiation of all of the terms of the settlement but before the parties execute the settlement agreement, the parties shall please file a joint motion for settlement approval.[8]  If this is an FLSA action, then, absent compelling circumstances, the Court will not review the FLSA settlement agreement under seal.[9]  If the parties believe that compelling reasons warrant the filing of FLSA settlement documents under seal, then the parties shall file a motion stating the grounds for their request. If the Court grants the motion, then the Court may decide to lift the seal after reviewing the motion and related documents.  If the Court is inclined to lift the seal, the Court will give the parties notice and an opportunity to be heard.

---

[8] Rule 23 governs proposed class action settlements.  Fed. R. Civ. P. 23(e).

[9] *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1245 (M.D. Fla. 2010) ("Sealing an FLSA settlement agreement between an employer and employee, reviewing the agreement *in camera,* or reviewing the agreement at a hearing without the agreement's appearing in the record (in any event precluding other employees' and the public's access to, and knowledge of, the agreement) thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace."); *see also Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) ("Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'") (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

As a general rule, the Court will not approve FLSA settlements that contain general release provisions or confidentiality provisions.[10]  The Court recognizes that there may be instances in which confidentiality provisions and broad release provisions may be appropriate, but those instances are rare, and the parties must provide compelling reasons for the Court to approve an agreement containing such provisions.  *See Stalnaker*, 293 F. Supp. 2d at 1264; *Crabtree v. Volkert, Inc.*, 2012 WL 6093802 (S.D. Ala. Dec. 7, 2012).

The Court will follow the general guidelines outlined above with respect to settlement of Equal Pay Act claims as well.[11]

## XIII.  Motions for Extensions of Time

Absent extraordinary circumstances, the Court directs the parties to please file all motions for extension of time **at least three business days** before the deadline at issue.  If a party files a motion for an extension of time less than three

---

[10]   "[C]onfidentiality clauses and pervasive release provisions generally render a FLSA settlement agreement unfair and unreasonable."  *Vinson v. Critter Control, Inc.*, 2012 WL 6737508, at *2 (S.D. Ala. Dec. 28, 2012); *Hogan v. Allstate Beverage Co.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011) (same).  Confidentiality provisions in FLSA settlements are particularly problematic because they "have the potential to hinder unfairly the congressional goal of universal compliance with the FLSA," thereby affecting both the private and public interests that the FLSA protects.  *Hogan*, 821 F. Supp. 2d at 1282; *see also Dees*, 706 F. Supp. 2d at 1242 ("[A] confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute.").

[11]  The Equal Pay Act is an amendment to the Fair Labor Standards Act. 29 U.S.C. § 206(d). Therefore, the Court will review the terms of the Equal Pay Act claim settlement to determine whether the settlement is a "'fair and reasonable resolution of a bona fide dispute.'"  *See Lugo-Malone v. Advance/Newhouse Partnership*, 2011 WL 1188558, at *1 (M.D. Fla. March 8, 2011) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982)).

days before the deadline at issue, then the party must explain why the party could not file the motion more than three days in advance.

### XIV.  Communication with the Court

The Court may not engage in ex parte communication with the parties.  To ensure that the Court fulfills its obligation not to engage in unauthorized communication, if counsel need to contact chambers, the Court asks counsel to please email chambers at haikala_chambers@alnd.uscourts.gov and copy all other counsel on the email.

### XV.   Required E-Mail Submissions to Chambers

**Counsel must e-mail to chambers copies of all filed motions that exceed 10 pages, copies of all filed briefs, and copies of all proposed orders.  The Court prefers motions, briefs, and proposed orders in Word format, but the Court will accept WordPerfect format.** All communications to the chambers email address must show a copy to all opposing counsel.

Upon electronic filing, parties may, but are not required to, submit bound paper courtesy copies of briefs and exhibits.  In certain circumstances, the Court may ask parties to please provide paper courtesy copies to the Court.

### XVI.  Briefing Format and Requirements

Documents that the parties create for submission to the Court shall use Times New Roman Font and 14 point type (except footnotes may be in 12 point type). Documents shall be double-spaced; footnotes and indented quotations that exceed three lines may be single-spaced.

Citations to the record in this case shall refer to the CM/ECF document number and paragraph or line number, where available. If the parties are unable to cite to a specific paragraph or line number, then the parties shall cite the document number and page number. For example, if a party discusses the complaint, the citation following that discussion shall appear as follows: (Doc. 1, ¶ __). If a paragraph or line number is not available, then the citation would appear as follows: (Doc. 1, p. __). When citing to a record entry such as a condensed deposition transcript that contains multiple pages on a single page of the docket, the citation shall appear in the following format: (Doc. 10, p. 6: tp. 237).

Briefs accompanying motions and briefs in opposition to motions should not exceed 25 pages unless the Court grants permission for a party to file a motion that exceeds the Court's page limits. Reply briefs should not exceed 15 pages, absent permission from the Court to exceed the page limit. Where relevant, parties may attach as an appendix to a brief relevant documents/photographs/diagrams/etc.

## XVII. Filing Procedures

a.     CM/ECF Record

The official record of this case is maintained electronically via CM/ECF. Except in extraordinary circumstances, all filings shall be consistent with the Court's Administrative Procedures Manual. Attorneys must register for electronic filing and service through the "Attorney Registration" link on the Court's website, www.alnd.uscourts.gov.[12]

**Documents filed through CM/ECF must be in .pdf (Portable Document Format).** Should counsel have trouble filing a document, (s)he may call the Clerk's Office at (205) 278-1700 and select option 3 for the Help Desk for assistance.

b.      Protected Information

Counsel are reminded to comply with the Court's Administrative Procedures Manual for electronic filing (on the Court's website) with respect to redacting or sealing personal identifiers (*e.g.*, Social Security numbers, driver's license numbers, birth dates, addresses, telephone numbers, bank account and credit card information) and other personal or sensitive information, in compliance with the E-Government Act.

c.      Sealing Documents

If a party believes that information contained in a motion or an exhibit should be placed under seal, then the party must file a motion for leave to file the

---

[12] After an attorney has registered, his/her registration becomes permanent; (s)he is not required to re-register in each individual case.

document under seal.  If the Court grants the motion, the Court will review the information placed under seal.  Upon review, if the Court is inclined to lift the seal partially or entirely, then the Court will give the parties notice and an opportunity to be heard.

### XVIII.   Fee Shifting Cases

The Court's website contains standard orders for fee shifting cases.  The parties may access the Court's website at http://www.alnd.uscourts.gov/content/judge-madeline-h-haikala.

### XIX.  Oral Argument and Telephone Conferences

The Court welcomes oral argument.  Requests for oral argument shall appear on the first page of a motion or brief directly below the case number in the caption of the pleading.  Even if no party requests oral argument, the Court may set oral argument if the Court believes that a hearing will be beneficial.

The Court also welcomes telephone conferences with the parties to discuss disputes or concerns before the parties engage in extensive motion practice.  A party may request a telephone conference with the Court by sending an email to chambers; opposing counsel must be copied on the communication.

### XX.   Conclusion

The Court hopes that counsel of record find the information in this order helpful. **Counsel of record shall instruct all attorneys who work on this case (including in-house counsel) to read this order**. All mandatory provisions within the order are binding on the parties. Any party seeking relief from a mandatory provision in this order must email chambers to request a telephone conference to discuss the requested relief. After each attorney of record reviews this order, (s)he shall file a notice in this case acknowledging receipt and review of the initial order. The Court looks forward to working with the parties on this case. Done this 5th day of April, 2018.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE