## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| BEVERLY CALHOUN, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SENTRY CREDIT, INC., a Washington corporation,<br><br>　　　　Defendant. | Case No.   2:18-CV-00222-TMP<br><br>The Hon. T. Michael Putnam |

### RULE 26(F) REPORT

Plaintiff Beverly Calhoun ("Plaintiff") and Defendant Sentry Credit, Inc. ("Defendant") (collectively referred to as the "Parties") hereby submit their Rule 26(f) Report.

1. Under Fed. R. Civ. P. 26(f), a meeting was held on March 19, 2018 and was attended by the following:

　　Counsel for Plaintiff:　　W. Whitney Seals

　　Counsel for Defendant:　　Leslie Eason and Todd Weston

2. The nature and basis of the claims and defenses:

    • Whether Plaintiff can demonstrate, as a matter of law, that Sentry's calls to her and her mother violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*, specifically §§ 1692c(b) and 1692d;

    • Whether Plaintiff can demonstrate, as a matter of law, that she is entitled to damages or any other such relief;

    • Whether Plaintiff can demonstrate, as a matter of law, that she is entitled to attorneys' fees and costs.

3. Initial Disclosures: The Parties will complete and serve their Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) by April 2, 2018.

4. Discovery will be needed on the following subjects:

- Plaintiff's claims in her Complaint;
- Plaintiff's alleged damages, if any;
- The defenses asserted in Defendant's Answer;
- The training and supervision of Defendant's employee(s) who contacted Plaintiff and her mother;
- Defendant's policies and procedures regarding compliance with the Fair Debt Collection Practices Act.

5. Date by which Discovery should be completed: September 17, 2018.

6. Discovery or disclosure of electronically-stored information:

While the Parties do not anticipate that ESI will be significant, the Parties will produce ESI, if any, in its native format including metadata (such as TIFF or .TIF files, Portable Document Format (PDF), Microsoft email communication (PST), etc.) pursuant to an agreed upon Protective Order issued by the Court. Production of ESI shall be provided on the most convenient format including an electronic storage medium (such as CD, DVD, portable hard drive, USB flash drive, or other portable storage device). The Parties agree that this is necessary so that the Parties are provided with sufficient information to navigate the data and to verify authorship, authenticity, transmission, and receipt of such ESI in the original and all copies. If advanced search methodologies become necessary, the Parties agree to confer in attempt to reach agreement regarding the method of culling voluminous materials. The Parties agree to cooperate in the development of a list of such terms that will then be run against potentially relevant data sets to determine whether, or to what extent, the terms return a large number of "false hits." If the producing party claims that production of ESI would be an "undue burden," the producing

party shall raise the issue with the party seeking production as soon as possible.  Neither Party shall request reimbursement for the location or production of ESI without first providing an estimate of those costs to the party seeking production and conferring about those costs.  If the Parties cannot reach an agreement regarding production or estimated costs, they shall jointly seek guidance from the Court.

7. Any issues regarding claims of privilege or protection of trial-preparation materials: None that this time.  The Parties agree to enter into a Consent Protective Order ("CPO").

8. Any needed changes in limitations imposed by Fed. R. Civ. P.:  None that this time.

9. Any orders, *e.g.* protective orders, which should be entered: The Parties agree to enter into a CPO.  The Parties will provide a proposed CPO for the court's consideration at a later date.

10. Proposed deadline for joining other parties or amending the pleadings:

For Plaintiff: Plaintiff requires discovery to ascertain whether or not additional parties need to be added or whether the pleadings are due to be amended.  For that reason Plaintiff requests that the deadline to amend the pleadings and add parties be moved to May 7, 2018 in order to allow Plaintiff to serve discovery requests and to allow Defendant 30 days to respond as allowed by the Federal Rules of Civil Procedure.  Defendant has proposed April 10, 2018 which is a mere 12 days from today's date.  Plaintiff submits that she will be prejudiced if the deadline to amend passes several weeks before she is allowed to receive discovery responses from the Defendant.

For Defendant: April 24, 2018

11. Proposed deadline for filing dispositive motions: October 29, 2018.

12. Prospects for settlement: On March 22, 2018, Plaintiff's Counsel provided an initial settlement demand of $67,500.00. The Parties agree that there is a possibility of settlement after discovery is completed.

Dated: April 9, 2018

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

/s/ Leslie K. Eason
Leslie K. Eason
Alabama Bar No. 3405L62W
F. Todd Weston
Alabama Bar No. 3360U13U
2700 Corporate Drive, Suite 200
Birmingham, AL 35242
Telephone:  (404) 978-7329
Facsimile:  (678) 389-8475
Email:  leason@grsm.com

*Counsel for Defendant*

**COCHRUN & SEALS, LLC**

/s/ W. Whitney Seals
W. Whitney Seals
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
whitney@cochrunseals.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| BEVERLY CALHOUN, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO.: |
| SENTRY CREDIT, INC., a Washington corporation, | ) 2:18-CV-00222 TMP |
| | ) |
| | ) |
| Defendant. | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished to all counsel of record registered in AlaFile court electronic system.

April 9, 2018

**GORDON REES SCULLY MANSUKHANI, LLP**

/s/ *F. Todd Weston*
COUNSEL

1153028/37536610v.1