UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BEVERLY CALHOUN,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.:  2:18-cv-00222-MHH |
| } | |
| **SENTRY CREDIT, INC.,** } | |
| } | |
| Defendant. } | |

## SCHEDULING ORDER

This order is entered under Fed. R. Civ. P. 16(b) based on the parties' report of a planning meeting. This order supersedes any prior orders and governs further proceedings in this action unless modified for good cause shown.

**1.  Discovery limitations and deadlines:**

   **a.** Paper discovery shall proceed according to the provisions of Fed. R. Civ. P. 33, 34 and 36.

   The parties must complete the depositions of all named parties no later than **July 17, 2018**.

   **b.** **Deadline:**  Unless modified by court order for good cause shown, all discovery must be commenced in time to be completed by **September 17, 2018**.

   While the Parties do not anticipate that ESI will be significant, the Parties will produce ESI, if any, in its native format including metadata (such as TIFF or .TIF files, Portable Document Format (PDF), Microsoft email communication (PST), etc.) pursuant to an agreed upon Protective Order issued by the Court. Production of ESI shall be provided on the most convenient format including an electronic storage medium (such as CD, DVD, portable hard drive, USB flash drive, or other portable storage device). The Parties agree that this is necessary so that the Parties are provided with sufficient

information to navigate the data and to verify authorship, authenticity, transmission, and receipt of such ESI in the original and all copies. If advanced search methodologies become necessary, the Parties agree to confer in attempt to reach agreement regarding the method of culling voluminous materials. The Parties agree to cooperate in the development of a list of such terms that will then be run against potentially relevant data sets to determine whether, or to what extent, the terms return a large number of "false hits." If the producing party claims that production of ESI would be an "undue burden," the producing party shall raise the issue with the party seeking production as soon as possible. Neither Party shall request reimbursement for the location or production of ESI without first providing an estimate of those costs to the party seeking production and conferring about those costs. If the Parties cannot reach an agreement regarding production or estimated costs, they shall jointly seek guidance from the Court.

2. **Dispositive Motions:** All potentially dispositive motions must be filed by **October 29, 2018**, and should be accompanied by a supporting brief.

3. **Dispositive Motion Briefing:** When the Court receives a motion that requires briefing, the Court shall enter a briefing schedule. Information concerning the length of briefs and formatting for briefs appears in the Initial Order in this matter.

   In addition to the requirements contained in the Initial Order, the parties' briefs in support of or in opposition to summary judgment motions must contain citations to the evidentiary record by CM/ECF document and page number. To the extent possible, the Court asks the parties to please electronically file all evidentiary exhibits in support of and in opposition to summary judgment motions before the parties file their summary judgment briefs. If a party cannot file evidence electronically before the party files it brief, the party shall, **within three days of filing a brief**, email to chambers (haikala_chambers@alnd.uscourts.gov) a Word version of the brief with CM/ECF record citations.[1]

4. **Additional conference(s):** A status conference is scheduled in this matter on **Monday, September 10, 2018**, at **11:30 a.m.,** in Courtroom 7B, U.S. District Court, 1729 5th Avenue North, **Birmingham**, AL. <u>Out of state counsel may participate in the conference by dialing 877-873-8018 and entering access code 5313999</u>. Additional conferences, including a pretrial

---

[1] The Court may alter this procedure for pro se litigants.

conference, will be scheduled as needed by separate order. Due dates for lists of trial witnesses, exhibits, and objections under Fed. R. Civ. P. 26(a)(3) shall be established in a separate pretrial order.

5. **Trial:** This case shall be ready for trial by **January 2019**.

6. **General Considerations:** The Court welcomes oral argument. Requests for oral argument should be noted on the cover page of a motion/responsive brief.

   Before a party files a motion to compel, the Court directs counsel for that party to please confer in person or by telephone with opposing counsel to discuss disagreements regarding discovery requests. If the parties are unable to resolve their dispute during the conference, then the parties shall file a joint motion requesting a telephone conference to discuss the discovery dispute.[2] The joint motion must contain a brief statement regarding the nature of the discovery dispute. The parties shall please attach to the motion relevant discovery requests and/or responses central to the dispute. The joint motion must contain a statement certifying that the parties discussed the discovery dispute in person or by telephone and have been unable to resolve their disagreements.

   Upon receipt of the joint motion, the Court will set a telephone conference to discuss the discovery dispute and will determine whether additional written submissions are required to resolve the dispute.

   **DONE** and **ORDERED** this May 30, 2018.

   _____
   **MADELINE HUGHES HAIKALA**
   UNITED STATES DISTRICT JUDGE

---

[2] If an attorney makes a good faith effort but is unable to contact opposing counsel, then the attorney may unilaterally file a motion requesting a discovery telephone conference. In such a case, the moving party must describe in the motion the attorney's efforts to contact and coordinate with opposing counsel.