# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BEVERLY CALHOUN** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) 18-CV-00222-MHH |
| | ) |
| **SENTRY CREDIT, INC.** | ) |
| | ) **JURY TRIAL DEMANDED** |
| **Defendant.** | ) |

## PLAINTIFF'S AMENDED COMPLAINT

This is an action brought by the Plaintiff, Beverly Calhoun, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that at all relevant times the Defendant transacted business here, and the Plaintiff resides here.

### STATEMENT OF THE PARTIES

1. Plaintiff, Beverly Calhoun, is over the age of nineteen (19) years and is a resident of the city of Birmingham in Jefferson County, Alabama. Plaintiff is a "consumer" as defined in the Fair Debt Collection Practices Act ("FDCPA").

2. Defendant Sentry Credit, Inc. (hereinafter "Sentry" or "Defendant") is and at all times pertinent herein was, a foreign corporation or other legal entity organized under the laws of the State of Washington with its principal place of business in Everett, Washington.

3. Sentry is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Sentry uses the mails and telephone in and about its efforts to collect debt.

4. Sentry is a debt collector as that term is defined by the Fair Debt Collection Practices Act at 15 U.S.C. §1692(a)(6).

5. All events herein occurred in Jefferson County, Alabama.

## STATEMENT OF FACTS

6. On or about November 15, 2016, Plaintiff purchased a vehicle that was financed through Nissan Motor Acceptance Corporation.

7. On April 5, 2017, the vehicle was repossessed and was then sold at auction. After crediting Plaintiff's account with the proceeds of the sale of the vehicle and after adding various fees and expenses

associated with the repossession, Plaintiff was allegedly indebted to Nissan Motor Acceptance Corporation for a total of $12,502.92. This alleged debt was incurred for personal, family or household purposes.

8. On or about January 10, 2018, Sentry began collection efforts for the alleged debt.

9. On or about January 16, 2018, Sentry sent a letter to Plaintiff in an effort to collect the alleged debt.

10. Sentry called Plaintiff's home again on January 19, 2018 and left a message requesting that Plaintiff call an employee or agent of Sentry calling herself "Barbara Brown."

11. On or about January 19, 2018, Plaintiff called the number Barbara Brown left in the message and stated that she was ill and bed-ridden and that she would call Barbara Brown back after she recovered. At the end of the message, Plaintiff provided her telephone number for a return call.

12. On or about January 22, 2018, Barbara Brown called Plaintiff and left another message.

13. Despite having Plaintiff's correct telephone number, Barbara Brown called Plaintiff's 84 year old mother, Ann Calhoun, at approximately

5:30 p.m. on January 30, 2018. The transcript of the call is attached as "Exhibit A."

14. Due to the nature of the phone call, Plaintiff's elderly mother hung up on Ms. Brown.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The foregoing acts and omissions of Defendant and its employees and agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

16. As a direct and proximate result of the wrongful conduct visited upon Plaintiff by Defendant in its collection efforts, Plaintiff suffered actual damages including, but not limited to, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

17. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment against the Defendants as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA and state law;

B. Statutory damages;

C. Compensatory, actual and punitive damages;

D. Costs and reasonable attorney's fees;

E. Such other and further relief that this Court deems necessary, just and proper.

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

　　　　　　　　　　　　　　　　　　/s/ *W. Whitney Seals*
　　　　　　　　　　　　　　　　　　W. WHITNEY SEALS,
　　　　　　　　　　　　　　　　　　Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448

Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

                                      /s/ John C. Hubbard
                                      John C. Hubbard
                                      Attorney for Plaintiff

**OF COUNSEL:**

John C. Hubbard, LLC
PO Box 953
Birmingham, Alabama 35203
205-378-8121
jch@jchubbardlaw.com