## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| BEVERLY CALHOUN, an individual, | |
| Plaintiff, | |
| vs. | Case No.   2:18-CV-00222-TMP |
| SENTRY CREDIT, INC., a Washington corporation, | The Hon. Madeline H. Haikala |
| Defendant. | |

### MOTION TO DISMISS BY DEFENDANT SENTRY CREDIT, INC.

Defendant, Sentry Credit, Inc. ("Sentry"), by its undersigned attorneys, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves this Court to Dismiss the First Amended Complaint ("FAC") of Plaintiff Beverly Calhoun ("Plaintiff") for failure to state a claim upon which relief can be granted, and in support thereof states as follows:

**I.    INTRODUCTION:**

The FAC contains two alleged violations of the Fair Debt Collections Practices Act, 15 U.S.C § 1692 ("FDCPA"): 1) 15 U.S.C § 1692b; and 2) 15 U.S.C § 1692c(b).  The FAC alleges these violations are the result of a single call made to Plaintiff's Mother on January 30, 2018.

The FAC, however, does not allege any facts to support the assertion that the January 30, 2018 call constitutes a "communication" under the FDCPA. The FAC also fails to allege any facts to support that the purpose of the January 30, 2018 call was to acquire location information about Plaintiff.  Finally, the FAC fails to allege that Sentry communicated with Plaintiff's Mother more than once.

Each of these missing allegations is an independently required element of Plaintiff's claims. Each of these pleading defects is also incurable. As such, Sentry respectfully requests the Court Grant its Motion to Dismiss the FAC, *with prejudice*.

## II. BACKGROUND FACTS:

On February 8, 2018, Plaintiff filed suit against Sentry alleging general non-specific violations of the FDCPA.[1] On August 29, 2018, Plaintiff moved to amend her Complaint stating, in relevant part:

> Since filing the Complaint and conducting discovery, Plaintiff has been provided with collections logs and audio records[2] relevant to Plaintiff's claims and requests to incorporate these facts in the Amended Complaint in order to narrow Plaintiff's FDCPA claims against Defendant.[3]

On August 30, Plaintiff's motion was granted, and Plaintiff filed the FAC, which included the following statement:

> This Amended Complaint varies slightly from the proposed amended complaint (Doc. 20-1) in that after conferring with opposing counsel *Plaintiff further narrows her claims against the Defendant as arising only under 15 U.S.C § 1692b and 15 U.S.C § 1692c(b).* As such, Plaintiff alleges that Defendant violated only these sections of the FDCPA.[4]

In the FAC, Plaintiff alleges that Sentry sent her collection letters and called her telephone number several times leaving her several voice messages.[5] Plaintiff also alleges:

> Despite having Plaintiff's correct telephone number, Barbara Brown called Plaintiff's 84 year old mother, Ann Calhoun, at approximately 5:30 p.m. on January 30,

---

[1] Doc. 1, ¶¶14-17.
[2] Defense counsel informally provided an overview of all of the calls to Plaintiff's Counsel on April 9, 2018. The call logs and audio recordings were officially produced on May 29, 2018.
[3] Doc. 20, ¶ 2.
[4] Doc. 22, p.1(emphasis added).
[5] Doc. 22, ¶¶ 8-12.

2

>2018. The transcript of the call is attached as "Exhibit A."
>
>Due to the nature of the phone call, Plaintiff's elderly mother hung up on Ms. Brown.[6]

Plaintiff does not allege Sentry directly or indirectly conveyed any information about Plaintiff's debt to her mother. Plaintiff also does not allege the purpose of Sentry's call to her mother. Plaintiff also does not allege that Sentry communicated with her mother more than once.[7] Each of these facts is an independently necessary element for Plaintiff's claim.

No additional attempts to plead a claim, however, can cure these defects. Plaintiff attaches a transcript of the January 30th call to the FAC, which reveals that Sentry did not make any statements to Plaintiff's Mother about the debt. Further, Sentry's deposition in this matter makes clear that at the time it placed the January 30, 2018 call, it thought the number it was calling belonged to Plaintiff. Finally, there is absolutely no evidence that Sentry communicated with Plaintiff's Mother more than once.

As such, Plaintiff has not and cannot plead a claim in this matter, and Sentry's Motion to Dismiss should be granted, *with prejudice*.

### III. LEGAL STANDARD:

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint.[8] Federal Rule of Civil Procedure 12(b)(6) provides that a motion to dismiss may be made if the plaintiff fails "to state a claim upon which relief can be granted."[9] A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or a plaintiff fails to set forth "enough facts to state a claim to relief

---

[6] Doc. 22, ¶¶ 13-14.
[7] Doc. 22.
[8] *Watts v. Farmers Ins. Exch.*, No. 1:17-CV-1454-VEH, 2018 U.S. Dist. LEXIS 71030, at *8 (N.D. Ala. Apr. 27, 2018.
[9] Fed. R. Civ. Proc. 12(b)(6).

that is plausible on its face."[10] The Court must decide whether a plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."[11]

The court in *Twombly* stressed the dangers of permitting costly litigation to proceed based on speculation and conclusory allegations and held that a complaint must contain "enough facts to state a claim to relief that is plausible on its face."[12] To avoid dismissal, a complaint must do more than "plead[] facts that are 'merely consistent with' a defendant's liability," rather, a plaintiff must set forth enough factual information to make it "plausible," not merely "possible," that the defendant is liable.[13] A dismissal is proper either where there is a "lack of a cognizable legal theory" or "insufficient facts under a cognizable legal theory."[14] Moreover, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."[15]

## IV. ARGUMENT:

Sentry moves to dismiss Plaintiff's FAC on the grounds that it fails to state a claim on which relief can and should be granted. Plaintiff alleges two FDCPA claims, which are wholly unsupported by the alleged facts or applicable case law. Therefore, Plaintiff's FAC fails to state any viable claim against Sentry and should be dismissed, *with prejudice*.

### A. Sentry Did Not Violate § 1692b.

This section of the FDCPA states, in pertinent part:

> Any debt collector *communicating* with any person other

---

[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).
[11] *Twombly*, 550 U.S. at 570.
[12] *Id*. at 570.
[13] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).
[14] *Id*.
[15] *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).

> than the consumer *for the purpose of* acquiring location information about the consumer shall . . .
>
> [and] (3) not communicate with any such person more than once . . .[16]

Plaintiff fails to allege: 1) the call was a "communication;" 2) the purpose of the call was to acquire Plaintiff's location information; or 3) that Sentry communicated with Plaintiff's Mother more than once. Individually, each of these pleading defects is enough to Grant Sentry's Motion to Dismiss. Taken together, they are grounds for Granting Sentry's Motion to Dismiss, *with prejudice*.

### 1. The January 30th Call Was Not a Communication.

In order to establish a violation of § 1692b, Plaintiff must allege that there was a "communication" involved in the alleged offending call.[17] A "communication," is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium."[18]

The FAC alleges:

> Despite having Plaintiff's correct telephone number, Barbara Brown called Plaintiff's 84 year old mother, Ann Calhoun, at approximately 5:30 p.m. on January 30, 2018. The transcript of the call is attached as "Exhibit A."
>
> Due to the nature of the phone call, Plaintiff's elderly mother hung up on Ms. Brown.[19]

Nowhere in the FAC is there an allegation that this call was a "communication" as defined by the FDCPA. Indeed, Plaintiff's own transcript of the call recording reveals that nothing related to the debt was discussed.[20]

---

[16] 15 U.S.C. § 1692b (italics added).
[17] *See*, *Wattie-Bey v. Modern Recovery Sols.*, 2016 U.S. Dist. LEXIS 31765, at *19 (M.D. Pa. Mar. 10, 2016) (*citing*, *Evankavitch. V. Green Tree Servicing, LLC*, 979 F. Supp. 2d 535, 541 (M.D. Pa. 2013)) (Summary judgment granted because the calls did not convey "information regarding a debt directly or indirectly to any person" and were therefore not communications).
[18] 15 U.S.C § 1692a(2).
[19] Doc. 22, ¶¶ 13-14.
[20] *See gen.*, Doc. 22, Ex. A.

Thus, Plaintiff does not and cannot allege any facts supporting that the January 30, 2018 call constitutes a "communication" for the purposes of the FDCPA.

### 2. Plaintiff Cannot Satisfy the "Purpose Of" the Call Prong.

Even if we assume that the January 30, 2018 call was a "communication" as defined by the FDCPA, another necessary element of Plaintiff's § 1692b claim is that the January 30, 2018 call must have been "*for the purpose of* acquiring [Plaintiff's] location information."[21]

Here, the FAC fails to allege any facts, conclusory or otherwise, about the purpose of the January 30, 2018 call. This is fatal to Plaintiff's claim.

Moreover, Plaintiff cannot cure this defect. In Sentry's deposition, Sentry clearly testified that at the time the January 30, 2018 call was placed, it thought it was calling Plaintiff.

### 3. Plaintiff Fails to Allege More Than a One Call Was Placed.

Even if we assume: 1) the January 30, 2018 call was a "communication" as defined by the FDCPA, and 2) the purpose of the January 30, 2018 call was to acquire Plaintiff's location information, another necessary element of Plaintiff's § 1692b claim is that Sentry must have communicated with Plaintiff's Mother more than once.[22] The FAC only alleges one call to Plaintiff's Mother. Thus, Plaintiff has failed to allege facts sufficient to state the claim.

---

[21] 15 U.S.C § 1692b (italics added).
[22] 15 U.S.C § 1692b(3); s*ee*, *McKibben v. Collection Prof'l Servs.*, 2010 U.S. Dist. LEXIS 48825, at *10-11 (E.D. Cal. May 17, 2010) (Plaintiff did not set forth any factual allegations that any single third party was contacted repeatedly after that same third party requested that defendant not contact him or her. At most, plaintiff's allegations suggest that defendant called his daughter once and his church once.); *see also*, *Fajer v. Kaufman, Burns & Assocs.*, 2011 U.S. Dist. LEXIS 8338, at *6 (W.D.N.Y. Jan. 28, 2011)(But because there is no factual allegation or evidence that [debt collector] … called the third party more than once.); *see also*, *Tenorio v. Reliable Collection Agency, Inc.*, 2003 U.S. Dist. LEXIS 26631, at *7 (D. N. Mar. I. Dec. 31, 2003) (No evidence defendant called more than once in an effort to obtain information about Plaintiff).

### B.     <u>Sentry Did Not Violate §1692c(b).</u>

This section of the FDCPA states, in pertinent part:

> without the prior consent of the consumer given directly to the debt collector, . . . a debt collector may not *communicate*, in connection with the collection of any debt, with any person other than the consumer, . . .."[23]

Just as with the § 1692b claim, because Plaintiff has not and cannot allege the January 30, 2018 call constitutes a "communication" as defined by the FDCPA, Plaintiff has failed to allege facts sufficient to state this claim.[24]

### V.     <u>CONCLUSION</u>:

The FAC narrowed the focus of the allegations to a single third-party communication under 15 U.S.C § 1692b and 15 U.S.C § 1692c(b). The FAC, however, fails to allege: 1) there was any "communication" as defined by the statute; 2) the "purpose" of the call was to acquire Plaintiff's location information; or assuming there was a "communication" and that the "purpose" of the call was to acquire Plaintiff's location information, or 3) Sentry communicated with Plaintiff's Mother more than once. As such, Plaintiff has failed to allege facts sufficient to state a claim and this case should be dismissed *with prejudice*.

Respectfully submitted,

September 13, 2018.

                                             **GORDON REES SCULLY MANSUKHANI, LLP**

                                             /s/ *F. Todd Weston*
                                             Leslie K. Eason
                                             Alabama Bar No. 3405L62W
                                             F. Todd Weston

---

[23] 15 U.S.C § 1692c(b) (italics added).
[24] *See*, *Wattie-Bey v. Modern Recovery Sols.*, 2016 U.S. Dist. LEXIS 31765, at *19 (M.D. Pa. Mar. 10, 2016) (*citing*, *Evankavitch. V. Green Tree Servicing, LLC*, 979 F. Supp. 2d 535, 541 (M.D. Pa. 2013)) (Summary judgment granted because the calls did not convey "information regarding a debt directly or indirectly to any person" and were therefore not communications).

Alabama Bar No. 3360U13U
2700 Corporate Drive, Suite 200
Birmingham, AL 35242
leason@grsm.com
(205) 980-8200
tweston@grsm.com
(205) 705-8402
*Counsel for Sentry Credit, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| BEVERLY CALHOUN, <br><br>    Plaintiff, <br><br> v. <br><br> SENTRY CREDIT, INC., <br><br>    Defendant. | CIVIL ACTION NO.: <br> 2:18-CV-00222 TMP |

**CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that a copy of the foregoing has been furnished to all counsel by filing with this Court's ECF system.

Dated: This 13th day of September, 2018.

>    **GORDON REES SCULLY**
>    **MANSUKHANI, LLP**
>
>    /s/ *F. Todd Weston*
>    Counsel for Defendant Sentry Credit, Inc.

1153028/40205073v.6