FILED
2018 Oct-02  PM 04:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEVERLY CALHOUN,** | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | 2:18-cv-00222-MHH |
| | ) | |
| | ) | OPPOSED |
| **SENTRY CREDIT, INC.,** | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

___

### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW
___

Plaintiff Beverly Calhoun ("Plaintiff"), pursuant to *Fed. R. Civ. P.* 56(a), moves this Court to enter partial summary judgment against Defendant Sentry Credit, Inc. ("Sentry"), and in favor of Plaintiff, on the issue of Sentry's liability for violating the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692b and leaving the issue of statutory and actual damages pursuant to the 1692b claim and liability and damages under the 1692c(b) claim for a jury to determine.

## INTRODUCTION

Plaintiff has alleged that Sentry violated FDCPA, 15 U.S.C. §§ 1692c(b) and 1692b, in its efforts to collect a debt from her. In this Motion, Plaintiff seeks summary judgment as to Sentry's liability on her 1692b claim only.

The FDCPA, at 15 U.S.C. § 1692b, allows very limited contact with third parties in the course of collecting debts. One type of permissible third party contact allowed by FDCPA would be if a debt collector, like Sentry, did not have location information on a consumer and needed to confirm or correct location information for a consumer, like the Plaintiff.

Sentry's corporate representative has testified that the phone call to Ann Calhoun, Plaintiff's mother, was or became an attempt to obtain location information concerning Beverly Calhoun. Sentry additionally admitted in response to Plaintiff's request for admissions that the call to Ann Calhoun was made pursuant to § 1692b in its responses to Plaintiff's request for admissions.

A collector that calls a third party for the purpose of acquiring location information is **required** by 15 U.S.C. § 1692b(1) to identify himself (or herself) and also state that he or she is confirming or correcting location information concerning the consumer. As such, if a collector calls a third party pursuant to 1692b for the purpose of acquiring location and fails to identify himself or herself

or fails to state that he or she is confirming or correcting location information concerning the consumer, that collector violates 15 U.S.C. §1692b(1).

The ***undisputed*** evidence, namely the recorded telephone call produced by Sentry, clearly shows that Sentry violated 15 U.S.C. § 1692b(1) when its collector (a) failed to identify herself and (b) also failed to state that she was confirming or correcting location information concerning the Plaintiff during the phone call with Ann Calhoun, a third party.

Given that the FDCPA is a strict liability statute and according to the plain statutory language of the FDCPA as well as binding Eleventh Circuit authority, Sentry's failures to comply with the statute entitle the Plaintiff to summary judgment on the issue of Sentry's liability on the 1692b claim.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Sentry is a collection agency. (Doc. 28, p. 2: tp. 5). As such Sentry's employees engaged in collection activities are required to comply with the FDCPA. (Doc. 28, p. 2: tp.7). On January 10, 2018 an account belonging to Beverly Calhoun was placed with Sentry for collection. (Doc. 28, p. 6: tp. 21).

In and about its efforts to collect this debt, Sentry called Ann Calhoun, Plaintiff's mother, on January 30, 2018. (Doc. 28, p. 13: tp. 50). Ann Calhoun is a third party that does not owe the debt Sentry was attempting to collect. (Doc. 28,

p. 13: tp. 51). It is undisputed that Sentry's call to Ann Calhoun, a third party, was made in connection with the attempt to collect a debt from Beverly Calhoun and was an attempt to obtain location information for Beverly Calhoun pursuant to 1692b. (Doc. 28, pp. 13-14: tpp. 50-53; Doc. 28, p. 18: tp. 70; *see also* Doc. 25-1, response to request for admission no. 6).

At no point during the phone call to obtain location information did Sentry's collector identify herself or state that she was confirming or correcting location information for Beverly Calhoun. (Doc. 22-1; *see also* Doc. 28, p. 14: tp. 53-54).

## ARGUMENT

"The FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute." *Ellswick v. Quantum3 Grp., LLC*, No. 1:16-cv-01959-MHH, 2018 U.S. Dist. LEXIS 45991, at *12 (N.D. Ala. Mar. 21, 2018) (citing *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010)). "The FDCPA is a remedial statute, and its provisions are to be construed liberally in favor of the consumer debtor." *Mammen v. Bronson & Migliaccio, LLP*, 715 F. Supp. 2d 1210, 1213 (M.D. Fla. 2009).

The FDCPA at 15 U.S.C. §1692b states as follows:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall–

> (1) **identify himself**, **state that he is confirming or correcting location information concerning the consumer**, and, only if expressly requested, identify his employer.

(Emphasis added).

Ann Calhoun is a third party that does not owe the debt Sentry was attempting to collect. (Doc. 28, p. 13: tp. 51). As such she qualifies as "any person other than the consumer" for the purposes of 1692b(1). Sentry has admitted and its corporate representative has testified that Sentry called Plaintiff's mother, Ann Calhoun on January 30, 2018 for the purpose of obtaining location information regarding Beverly Calhoun, the Plaintiff. (Doc. 28, pp. 13-14: tpp. 50-53; Doc. 28, p. 18: tp. 70; Doc. 25-1, response to request for admission no. 6).

The Eleventh Circuit has held that phone messages to consumers referencing an "important matter" or similar language constitute a "communication" under the FDCPA. *See Edwards v. Niagara Credit Sols., Inc.*, 584 F.3d 1350 (11th Cir. 2009). As such, Sentry's collector's statement to Ann Calhoun that the call was in regard to an "important personal matter" qualifies as a communication as defined by the FDCPA.

Despite the plain requirements of 1692b(1), Sentry's collector did not identify herself and did not state that she was confirming or correcting location

information concerning Beverly Calhoun.  (Doc. 22-1, *see also* Doc. 28, p. 14: tp. 53-54).  This triggers liability under FDCPA.

In *Ponce v. BCA Fin. Servs.*, 467 Fed. Appx. 806 (11th Cir. 2012), the Eleventh Circuit Court of Appeals affirmed summary judgment in favor of the Plaintiff on a 1692b claim where the collector "failed to comply with FDCPA's mandatory requirement that as a 'debt collector communicating with any person other than [Ponce] for the purpose of acquiring location information about [Ponce],' that she state that she 'is confirming or correcting location information concerning [Ponce].'"  *Ponce* at 808, quoting 15 U.S.C. § 1692b.

In the *Ponce* case, the collector asked for a telephone number for the debtor but admitted she failed to state that she was confirming or correcting the consumer's location information.  As a result the Plaintiff in *Ponce* was granted summary judgment on that claim and the Order granting summary judgment to the Plaintiff was affirmed by the Eleventh Circuit.

It is undisputed that Sentry's call to Ann Calhoun, a third party, was made in connection with the attempt to collect a debt from Beverly Calhoun and was an attempt to obtain location information for Beverly Calhoun pursuant to 1692b. (Doc. 28, pp. 13-14: tpp. 50-53; Doc. 28, p. 18: tp. 70; *see also* Doc. 25-1,

response to request for admission no. 6). As such, Sentry's collector was **required** to comply with 1692b. Sentry's collector did not comply with 1692b.

Sentry's corporate representative admitted that its collector failed to state that she was confirming or correcting the consumer's location information. (Doc. 28, p. 14: tp. 53-54). Further, there is no dispute that Sentry's collector failed to identify herself during the call with Ann Calhoun. (Doc. 22-1). As such, under binding Eleventh Circuit case law and the plain text of the FDCPA itself, Plaintiff is entitled to summary judgment on the issue of Sentry's liability on her 1692b claim.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff moves this Honorable Court to enter judgment in favor of Plaintiff on the issue of Sentry's liability for violating the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692b leaving statutory and actual damages pursuant to the 1692b claim and liability and damages under the 1692c(b) claim for a jury to determine.

**RESPECTFULLY SUBMITTED,**

 /s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
filings@cochrunseals.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd DAY OF October, 2018, that the foregoing is electronically filed with the Clerk of the Court using the CM/ECF system, the CM/ECF system will send notification of such filing to the following:

Leslie K. Eason, Esq.
Todd Weston, Esq.
**Gordon Rees Scully Manusukhani, LLP**
2700 Corporate Drive, Ste. 200
Birmingham, AL 35242
(205) 980-8200
(205) 705-8402
leason@grsm.com
tweston@grsm.com

Sean Flynn, Esq.
**Gordon Rees Scully Manusukhani, LLP**
2211 Michelson Dr.
Suite 400
Irvine, CA 92615
(949) 255-6950
sflynn@grsm.com

and I hereby certified that I have mailed the foregoing document by U.S. Mail, postage prepaid, to the following:

None.

             /s/ *W. Whitney Seals*
             W. WHITNEY SEALS,
             Attorney for Plaintiff