UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANN CALHOUN, *as Personal Representative of the Estate of Beverly Calhoun*, | } } } } | |
| Plaintiff, | } } | Case No.: 2:18-cv-00222-MHH |
| v. | } } } | |
| SENTRY CREDIT, INC., | } } | |
| Defendant. | | |

## MEMORANDUM OPINION

Plaintiff Ann Calhoun, as personal representative of the estate of Beverly Calhoun, alleges that defendant Sentry Credit violated the Fair Debt Collections Practices Act's prohibition against third-party communications by calling her about her daughter's consumer debt. (Doc. 22).[1] On behalf of her daughter, Ms. Calhoun asserts claims under 15 U.S.C. §§ 1692b and 1692c(b). (Doc. 22, pp. 1, 4). Sentry Credit has moved to dismiss Ms. Calhoun's claims under §§ 1692b and 1692c(b), (Docs. 23, 30), and Ms. Calhoun seeks partial summary judgment on her claim under § 1692b (Doc. 29). For the reasons discussed below, the Court

---

[1] The Court granted Ann Calhoun's motion to substitute herself as the personal representative of Beverly Calhoun's estate following Beverly Calhoun's death. (Doc. 37). Ms. Calhoun is Beverley Calhoun's mother. The Court expresses condolences to Ms. Calhoun for her loss.

1

dismisses Ms. Calhoun's claim under § 1692b and denies Sentry Credit's motion to dismiss Ms. Calhoun's claim under § 1692c(b).

## I. STANDARD OF REVIEW

Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the "liberal pleading standards set forth by Rule 8(a)(2)." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)); *Twombly*, 550 U.S. at 555 (Rule 8 generally does not require "detailed factual allegations.").

In deciding a Rule 12(b)(6) motion to dismiss, a court must view the allegations in a complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). A court must

accept well-pleaded facts as true. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). In other words, "[o]n a motion to dismiss, the facts stated in the . . . complaint and all reasonable inferences therefrom are taken as true." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006) (citing *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990)). Nevertheless, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Pursuant to this standard, the Court describes the facts alleged in the second amended complaint in the light most favorable to Ms. Calhoun.

## II. BACKGROUND

Sentry Credit, Inc. is a debt collector subject to the provisions of the Fair Debt Collection Practices Act. (Doc. 22, p. 2, ¶ 3). On January 16, 2018, Sentry Credit sent a collection letter to Beverly Calhoun for a $12,502.92 debt that she incurred relating to her purchase of a vehicle. (Doc. 22, p. 3, ¶¶ 7-9). Three days later, Sentry Credit called Beverly Calhoun's home and left a message asking her to contact Barbara Brown, a representative of Sentry Credit. (Doc. 22, p. 3, ¶ 10). Beverly Calhoun returned Ms. Brown's call and informed Ms. Brown that she was bed-ridden and would contact her after she recovered. (Doc. 22, p. 3, ¶ 11). Beverly Calhoun provided Ms. Brown with a return phone number. (Doc. 22, p. 3-

4, ¶ 11). After not hearing from Beverly Calhoun for three days, Ms. Brown called Beverly Calhoun and left a message. (Doc. 22, p. 4, ¶ 12).

On January 30, 2018, Ms. Brown called Beverly's mother. Ms. Brown's conversation with Ms. Calhoun proceeded as follows:

| | |
|---|---|
| Answerer | Hello |
| Caller: | Hi. Beverly? |
| Answerer: | No. |
| Caller: | Can I speak with Beverly please? |
| Answerer: | You must have the wrong number. |
| Caller: | Oh, I am looking for Beverly Calhoun. |
| Answerer: | Now that's my daughter but she doesn't live here. |
| Caller: | Oh. Do you know how to get in touch with her? |
| Answerer: | I would have to get – I am sick but I would have to get up out of bed to get her phone number because I don't know it right off. What can I help you with honey? |
| Caller: | Well, it's an important personal matter of hers. I am trying to reach her. |
| Answerer: | Is this about that Serra thing? |
| Caller: | Uh, no. No, this isn't regarding – |
| Answerer: | Those people are dirty and have done everything to her. |
| Caller: | I don't know who Serra is. No, ma'am - No. I need – I don't know who Serra is, I have no idea - |
| Answerer: | Sorry, I can't talk to you |

(Doc. 22, p. 4, ¶ 13; *see* Doc. 22-1). This call to Ms. Calhoun forms the basis of her daughter's FDCPA claim against Sentry Credit.

4

## III. DISCUSSION

Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors . . . [and] to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). In her representative capacity, to state a claim under the FDCPA, Ms. Calhoun must allege that (1) her daughter was "the object of collection activity arising from a consumer debt," (2) Sentry Credit "is a debt collector as defined by the statute," and (3) Sentry Credit "has engaged in an act or omission prohibited by the FDCPA." *Helman v. Bank of Am.*, 685 Fed. Appx. 723, 726 (11th Cir. 2017) (internal quotations omitted).[2] A "single violation of the statute is sufficient to establish civil liability." *Graveling v. BankUnited N.A.*, 970 F. Supp. 2d 1243, 1255 (N.D. Ala. 2013), *aff'd sub nom. Graveling v. Castle Mortg. Co.*, 631 Fed. Appx. 690 (11th Cir. 2015) (internal citation omitted). On behalf of her daughter, Ms. Calhoun alleges that Sentry Credit's call to her seeking information about her daughter is an act prohibited under sections 1692b and 1692c(b) of the FDCPA. (Doc. 22, pp. 4-5, ¶¶ 14-17).

Section 1692c(b) of the FDCPA generally prohibits debt collectors from contacting third parties regarding the collection of a consumer's debt. 15 U.S.C. §

---

[2] Ms. Calhoun has adequately alleged the first two elements because she has alleged that Sentry Credit is a debt collector under the FDCPA and that Sentry Credit engaged in collection activity regarding her daughter's personal consumer debt. (Doc. 22, pp. 2-4, ¶¶ 4, 6-14).

1692c(b); *Edwards v. Niagra Credit Solutions, Inc.*, 584 F.3d 1350, 1353 (11th Cir. 2009). Section 1692c(b) states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. §§ 1692c(b). Section 1692b, the "exception" to otherwise prohibited third-party communications, allows third-party communications "for the purpose of acquiring location information about the consumer." 15 U.S.C. § 1692b. Section 1692b has thus been described as a "'safe harbor' provision, setting forth the limited circumstances under which a debt collector may have contact with third parties . . . without violating the FDCPA's general proscription against such communications." *Litt v. Portfolio Recovery Assocs. LLC*, 146 F. Supp. 3d 857, 866 (E.D. Mich. 2015).

### A. <u>Section 1692b</u>

The Court grants Sentry Credit's motion to dismiss Ms. Calhoun's claim under §1692b because §1692b is an affirmative defense to a claim for a violation of §1692c(b); §1692b does not provide an independent basis for an FDCPA claim. *Evankavitch v. Green Tree Servicing, LLC,* 793 F.3d 355 (3d Cir. 2015). If a debt

6

collector attempts to collect location information but does not comply with §1692b in doing so, then the debt collector may not avail itself of §1692b's affirmative defense, and the debt collector may be liable for a violation of §1692c(b). *Thomas v. Consumer Adjustment Co., Inc.*, 579 F. Supp. 2d 1290, 1298 (E.D. Mo. 2008) ("Noncompliance with § 1692b is [] a violation of § 1692c(b), and not an independent violation" of the FDCPA); *Morant v. Miracle Financial, Inc.*, 2012 WL 4174893, *3 (E.D.N.Y. Sept. 17, 2012) (same).

### B. Section 1692c(b)

As stated above, § 1692c(b) of the FDCPA prohibits debt collectors from communicating with third parties "in connection with the collection of any debt." *See infra* Part III, pp. 5-6. The FDCPA defines communication as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). This includes telephone calls.

Sentry Credit argues that its telephone call to Ms. Calhoun was not a communication within the meaning of the FDCPA because Ms. Calhoun has not alleged that anything "related to the debt was discussed." (Doc. 23, p. 5). Sentry Credit's interpretation of the definition of "communication" is too narrow. "The definition of communication is very broad." *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014). As the Eleventh Circuit has explained:

> [T]he only requirement of the information that is to be conveyed is that it must be regarding a debt. [B]y choosing to omit any qualifier

7

other than requiring that the call must be regarding a debt, Congress meant to allow *any* information, as long as it regards a debt. There is no requirement . . . that the information must be specific or thorough . . . to be considered a communication.

*Hart v. Credit Control, LLC*, 871 F.3d 1255, 1258 (11th Cir. 2017) (emphasis in original);[3] *see Edwards v. Niagara Credit Sols., Inc.*, 586 F. Supp. 2d 1346, 1358 (N.D. Ga. 2008), *aff'd on other grounds,* 584 F.3d 1350 (11th Cir. 2009) (voicemail referencing an "important matter" without specifically conveying information about the debt could constitute a communication).

Under the broad definition of communication, the Court finds that Ms. Calhoun has sufficiently alleged that Sentry Credit communicated with a third party in violation of § 1692c(b). Ms. Calhoun alleges that Ms. Brown called her regarding Beverly Calhoun's consumer debt. (Doc. 7, p. 4, ¶ 15). The telephone call transcript reveals that Ms. Brown asked to speak with Beverly Calhoun five times. (Doc. 22-1, pp. 1-2). Like the debt collector in *Edwards*, according to the allegations in the second amended complaint, Ms. Brown told a third party, Ms. Calhoun, that the telephone call was in a reference to "an important personal matter of [Beverly Calhoun]." (Doc. 22-1, p. 2).

---

[3] The issue before the *Hart* court was "whether a voicemail left by a debt collector constitutes a 'communication'" under the FDCPA. *Hart*, 871 F. 3d at 1256. The *Hart* court's broad interpretation of "communication" under the FDCPA nonetheless provides guidance on the issue of whether a telephone call to a third party constitutes a communication when the debt collector argues that the telephone call is not a communication because it did not "convey[ ] information regarding a debt," as is the case here.

Accordingly, the Court finds that Ms. Calhoun has sufficiently pleaded that Sentry Credit's telephone call was a "communication" under the FDCPA because the call regarded a debt. *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014). The Court denies Sentry Credit's motion to dismiss the claim that Ms. Calhoun asserts under §1692c(b) on behalf of her daughter.

### C. Ms. Calhoun's Partial Motion for Summary Judgment

Ms. Calhoun seeks partial summary judgment against Sentry Credit for Sentry Credit's alleged violation of § 1692b. (Doc. 29). As discussed, noncompliance with § 1692b is "a violation of § 1692c(b), and not an independent violation of the Act." *Thomas*, 579 F. Supp. 2d at 1298. Therefore, the Court denies Ms. Calhoun's motion for partial summary judgment.

## IV. CONCLUSION

For the reasons described above, the Court dismisses Ms. Calhoun's claim on behalf of her daughter for a violation of § 1692b and denies Ms. Calhoun's motion for summary judgment. Ms. Calhoun's claim on behalf of her daughter under § 1692c(b) may proceed.

**DONE** and **ORDERED** this June 11, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE