# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANN CALHOUN, as Personal Representative to the Estate of Beverly Calhoun, | Case No.   2:18-CV-00222-TMP |
| Plaintiff, | The Hon. Madeline H. Haikala |
| vs. | |
| SENTRY CREDIT, INC., a Washington corporation, | |
| Defendant. | |

## PARTIAL OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

Defendant, Sentry Credit, Inc. ("Sentry"), by its undersigned attorneys, Opposes the Second Issue in Plaintiff's Motion in Limine (Dkt. # 43): Argument or evidence that the phone call to Ann Calhoun was not a "communication" pursuant to the FDCPA. Sentry does not Oppose the First Issue in Plaintiff's Motion in Limine: Attorneys' motives. In support of its Partial Opposition, Sentry states:

## I.  RELEVANT BACKGROUND:

On February 8, 2018, Plaintiff filed this lawsuit. (Dkt. # 1.)  There was only a single claim that vaguely alleged Sentry had violated the entire FDCPA multiple times.  The Complaint failed to allege violations of any specific section(s) of the FDCPA.

On August 29, 2018, Plaintiff filed a motion to amend the Complaint. (Dkt # 20.)  On August 30, 2018, this Court granted Plaintiff's motion to amend the Complaint. (Dkt. # 21.)  On August 30, 2019, Plaintiff filed her First Amended

Complaint (hereinafter "FAC"). (Dkt. # 22.) In the FAC, Plaintiff alleged for the first time that sections violated were §§ 1692b and 1692c(b).[1] *Id*.

On September 13, 2018, Sentry filed its Motion to Dismiss the FAC. (Dkt. # 23.) On October 2, 2018, Plaintiff filed her Motion for Partial Summary Judgment on her 15 U.S.C. § 1692b claim, but not her § 1692c(b) claim. (Dkt. # 29.) On June 11, 2019, this Court issued its Order regarding both Motions (hereinafter "Order"). (Dkt. # 38.)

Plaintiff's Motion for Summary Judgment was denied. *Id*. at p. 9. The Order made no findings of fact relative to Plaintiff's Motion for Summary Judgment. *see gen., Id*. With respect to Sentry's Motion to Dismiss the FAC, the Order dismissed the § 1692b claim, and there were no findings of fact. *see gen., Id*. The Order did state, however, that:

> the Court finds [] Ms. Calhoun has sufficiently *alleged* that Sentry Credit communicated with a *third party* in violation of § 1692c(b).

*Id*. at p. 8 (emphasis added).

Thus, the only remaining issues in this case are: 1) whether the January 30, 2018 telephone call to Beverly Calhoun, which was answered by Ann Calhoun, was a "communication" in violation of § 1692c(b); 2) whether Sentry complied with the § 1692b "safe harbor;" and 3) whether the Bona Fide Error defense relieves any violation.

## II.  LEGAL ARGUMENT:

Plaintiff bases her entire motion on the contention the "Court found that [the January 30, 2018 telephone call] constitutes a "communication" under the FDCPA in the Order." (Motion, Dkt. # 43, p. 3) Plaintiff is wrong.

---

[1] After the motion to amend was filed, but before the Court order granting the request, Counsel for the Parties met and conferred that the proposed amended complaint was deficient because Plaintiff at that point in the Discovery process should have been able to specify which sections of the FDCPA were at issue. Plaintiff's Counsel agreed, but then the Court granted the motion. Despite this chronology, Plaintiff's Counsel still specified the sections of the FDCPA at issue.

### A. **Plaintiff's Argument Is Incorrect.**

As stated above, the Order clearly only says the FAC sufficiently *alleged* the January 30, 2018 telephone call was a "communication." Since neither the Complaint (Dkt. # 1), nor the First Amended Complaint (Dkt. # 22) were verified, Plaintiff cannot simply rely on the allegations of either complaint. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Simmonds v. Genesee Cty.,* 682 F.3d 438, 445 (6th Cir. 2012); and *Crutch v. Lawrence Cty. Bd. of Educ.*, No. 3:12-CV-00827-MHH, 2014 U.S. Dist. LEXIS 106928 (N.D. Ala. Aug. 4, 2014, J. Haikala.)

### B. **The Truth of the *Allegation* Has Not Been Tested.**

Further, Plaintiff's contention is unsupportable. In ruling on any motion to dismiss the court must accept as true all well pled facts. *Id.*, at pgs. 2-3. Thus, a motion to dismiss only tests the legal sufficiency of the allegations, not their truth. *Id.*, at p. 2 (*citing to*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Indeed, Sentry has not been provided an opportunity to present any evidence in support of its defenses to the accusation as identified by the Order. *Id.*, at pgs. 6-7.

### C. **A Motion In Limine Is Not The Appropriate Procedure.**

A party may not use a motion in limine as a summary judgment motion. *Tuttle v. Tyco Elecs. Installation Servs., Inc.*, No. 2:06-cv-581, 2008 WL 343178 (S.D. Ohio Feb. 7, 2008) (holding motions in limine "are inappropriate vehicles to seek a final determination with respect to a substantive cause of action"); *Provident Life & Acc. Ins. Co. v. Adie*, No. 95–40183, 176 F.R.D. 246 (E.D. Mich. Sept. 29, 1997) (holding a motion in limine was not appropriate vehicle to resolve substantive factual issues); *Hana Fin., Inc. v. Hana Ban*k, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013) ("A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed.").

As the court in *Royal Indem. Co. v. Liberty Mut. Fire Ins. Co.*, explained:

> a motion in limine is "[A] pretrial request that certain inadmissible evidence not be referred to or offered at trial." It is not a substitute for a motion for summary judgment. *See e.g. Tuttle v. Tyco Electronics Installation Services, Inc.,* 2008 U.S. Dist. LEXIS 12307, 2008 WL 343178 (S.D. Ohio). They are inappropriate for resolving substantive issues (such as whether the insured's acquiescence to acts of the insurer are admissible as a defense to the bad faith claim). *See e.g. Witness Systems, Inc. v. Nice Systems, Inc.,* 2008 U.S. Dist. LEXIS 38061, 2008 WL 2047633 (N.D. Ga.); *Mavrinac v. Emergency Medicine Association of Pittsburgh (EMAP),* 2007 U.S. Dist. LEXIS 73526, 2007 WL 2908007(W.D. Pa.); *Ullman v. Auto-Owners Mutual Insurance Co.,* 2007 U.S. Dist. LEXIS 82876, 2007 WL 3125306 (S.D. Ohio). In addition, a motion in limine is not the mechanism by which we address or narrow the issues to be tried. *See, Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.,* 652 F. Supp. 1400, 1401 (D. Md. 1987). Nor is it the means of testing issues of law. *See, Natural Resources Defense Council v. Rodgers,* 2005 U.S. Dist. LEXIS 46293, 2005 WL 1388671 (E.D. Cal.).

*Royal Indem. Co. v. Liberty Mut. Fire Ins. Co.*, No. 07-80172-CIV, 2008 U.S. Dist. LEXIS 44417, at *2-3 (S.D. Fla. June 5, 2008).

Here, had Plaintiff thought the Order found the January 30, 2018 call was a "communication," the proper vehicle would have been a Summary Judgment Motion. While Plaintiff did file a Summary Judgment Motion, she did not pursue her 15 U.S.C. § 1692c(b) claim. (Dkt. # 29.) Thus, Plaintiff is now inappropriately seeking Summary Judgment on her § 1692c(b) claim, and improperly preventing Sentry from submitting evidence at any stage in this case that the call was not a communication in the first instance, and secondarily, that the call to the Third Party was not a violation under § 1692b.

### D. **Plaintiff's Case Authority Is Distinguishable.**

Here, Plaintiff's case authority is inapplicable to the facts of this case.

In *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014), the issue was whether the initial collection letter sent to the correct debtor, which listed all of the debt detail, was a communication. In our case, we have a telephone call to a third party, with no discussion of the debt.

In *Hart v. Credit Control, LLC*, 871 F.3d 1255, 1258 (11th Cir. 2017), the issue was whether a voicemail, where the caller stated the call was from a debt

4

collector, left on the actual debtor's voicemail machine was a "communication." In our case, we have a telephone call to a third party, with no disclosure the call was from a debt collector and no voicemail.

Finally, in *Edwards v. Niagara Credit Sols., Inc.*, 586 F. Supp. 2d 1346, 1358 (N.D. Ga. 2008), the issue was whether a voicemail left on the actual debtor's voicemail machine was a "communication." In our case, we have a telephone call to a third party, with no disclosure the call was from a debt collector and no voicemail.

None of these cases involved live conversations with third parties. Thus, they are distinguishable and inapplicable.

### III. CONCLUSION:

The Order did not conclude the January 30, 2018 telephone call was a "communication." Sentry should be allowed to present evidence in support of its defenses. Plaintiff's disguised summary judgment motion should be denied

Respectfully submitted,

Dated: November 25, 2019

**GORDON REES SCULLY MANSUKHANI, LLP**

/s/ *Sean P. Flynn*
Leslie K. Eason (ABN 3405L62W)
Sean P. Flynn (*Admitted Pro Hac Vice*)
420 North 20th Street, Suite 2200
Birmingham, Alabama 35203
(205) 980-8200
leason@grsm.com
sflynn@grsm.com
*Counsel for Sentry Credit, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to all counsel by filing with this Court's ECF system.

Dated: November 25, 2019

                    **GORDON REES SCULLY MANSUKHANI, LLP**

                    /s/ *Sean P. Flynn*
                    *Counsel for Defendant Sentry Credit, Inc.*